IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV329-03-MU

| | |
|---|---|
| SHUN J. DIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| OFFICER BARR, OFFICER GASTON, ) | |
| OFFICER BROWN ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed August 3, 2006. (Document No. 1.)

Plaintiff alleges in his Complaint that on November 7, 2005, all three of the Defendants pepper sprayed him while he was in his cell at the Mecklenburg County Jail and Defendants Barr and Gaston assaulted him. Plaintiff contends that the assault was completely unprovoked and at no time did he refuse a command or rebel against the Defendants.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. While Plaintiff attached several grievance to his Complaint, none of the grievances list Defendants Brown or Gaston. There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when

the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003).

From his Complaint and several grievance attached to his Complaint, it seems Plaintiff has not exhausted his administrative remedies with respect to Defendants Gaston and Brown. Plaintiff filed several grievances regarding the alleged assault on November 7, 2005 but only named Defendant Barr in those grievances. (See Exhibits to Plaintiff's Complaint.) Therefore, Plaintiff cannot satisfy the complete exhaustion requirement of the PLRA prior to filing a Complaint as to Defendants Brown and Gaston. Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear that Plaintiff has not exhausted his administrative remedies, as to Defendants Brown and Gaston, prior to filing his Complaint, Plaintiff's Complaint is dismissed as to Defendants Gaston and Brown.

With respect to Defendant Barr, Plaintiff contends that the assault by Defendant Barr amounted to cruel and unusual punishment under the Eighth Amendment. Plaintiff also contends that he received improper medical treatment following the assault. However, the Court notes that there are no medical personnel named as Defendants to this lawsuit and for this reason will dismiss the medical claim.

After careful review of the remaining allegations in Plaintiff's Complaint, the undersigned finds that Defendant Barr should file an Answer detailing Plaintiff's allegations regarding the assault and responding to such allegation.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED that**

1. Defendants Gaston and Brown are dismissed;

2. All claims except the cruel and unusual punishment and assault claims against Defendant Barr are dismissed;

3. Defendant Barr shall file an Answer to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure. Such answer shall detail all of Plaintiff's allegations and respond to each.

4. The Clerk shall issue summons and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost.

**SO ORDERED**.

Signed: August 7, 2006

Graham C. Mullen
United States District Judge