IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV329-03-MU

SHUN J. DIGGS,            )
                          )
        Plaintiff,        )
                          )
        v.                )
                          )        **O R D E R**
RONALD BARR,              )
                          )
        Defendant.        )
                          )

**THIS MATTER** comes before the Court on its own motion. On August 3, 2006 Plaintiff, a prisoner housed in the Mecklenburg County Jail, filed a pro se Complaint under 42 U.S.C. § 1983 alleging that on November 7, 2005, Defendant Barr, then an officer employed by the Mecklenburg County Jail, assaulted Plaintiff in his cell and again in the hallway outside his cell. Plaintiff contends that these assaults were completely unprovoked by him. On October 13, 2006 Defendant Ronald Barr, acting pro se, filed a document in response to this Court's Order directing him to file an Answer. This Court construes such document as a pro se Answer in which Defendant denied that he attacked Plaintiff while unprovoked but instead stated that while conducting an inspection of cell doors, Plaintiff threw a cup of urine in his face. In response, Defendant Barr struck out with his foot making contact with Plaintiff's chest and with his baton making contact with Plaintiff's shoulder region. Defendant was then able to restrain and handcuff Plaintiff. Plaintiff and Defendant then came in contact with one another in the hallway outside Plaintiff's cell. Plaintiff claims Defendant Barr physically attacked him while he was

1

handcuffed.  Defendant contends that he knocked into Plaintiff with his shoulder when they were both at the eye wash station.  Plaintiff also stated that the Office of Professional Compliance investigated this incident and found Defendant acted against policy.

Plaintiff contends that as a result of this altercation with Defendant Barr he endured injuries to his head, back, face and legs.  He also contends that he has had an increase in his seizures due to a head injury.  However, Plaintiff has provided no medical evidence to substantiate his claim.  Furthermore, pro se Defendant Barr, disputes Plaintiff's alleged injuries, but likewise provides this Court with no medical evidence to refute Plaintiff claimed injuries.  Due to the unique status of this case in that both parties are proceeding pro se, this Court will direct the Mecklenburg County Sheriff to produce or to have produced a copy of Plaintiff's medical records beginning on the date of the alleged incident, November 7, 2005 to the present.  The Court will also direct Sheriff Pendergraph to produce or have produced the results of the investigation against Defendant conduced by the Office of Professional Compliance in response to the incident on November 7, 2005 between Plaintiff and Defendant.

THEREFORE, IT IS HEREBY ORDERED that:

(1)  Sheriff Pendergraph is directed to produce a copy of Plaintiff's medical records to this Court for review no later than twenty (20) days from the date of this Order.  Such medical records shall be submitted to the Court under seal.

(2)  Sheriff Pendergraph is also directed to produce, under seal, the results of the investigation conducted by the Office of Professional regarding the incident between Plaintiff and Defendant on November 7, 2005.  Such investigatory documents shall also be produced within twenty (20) days from the date of this

Order and shall be produced under seal.

(3) **The Clerk shall serve a copy of this Order on Sheriff Pendergraph**.

**SO ORDERED**.

Signed: October 23, 2006

Graham C. Mullen
United States District Judge