IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV329-03-MU

| | |
|---|---|
| SHUN J. DIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| RONALD BARR, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on its own motion. Plaintiff, a prisoner housed at the Mecklenburg County Jail, filed a pro se Complaint under 42 U.S.C. § 1983 on August 3, 2006 against three Mecklenburg County Jail guards alleging that they used excessive force against him. Plaintiff contends that on November 7, 2005, all three of the Defendants pepper sprayed him while he was in his cell at the Mecklenburg County Jail and Defendants Barr and Gaston assaulted him. Plaintiff contends that the assault was completely unprovoked and at no time did he refuse a command or rebel against the Defendants. Plaintiff further contends that the assault by Defendant Barr amounted to cruel and unusual punishment under the Eighth Amendment.

On August 7, 2006, pursuant to an initial review Order, this Court dismissed two of the three guards leaving only Defendant Ronald Barr[1] as the sole remaining defendant to this action and directed Defendant Barr to filed an Answer to Plaintiff's Complaint (Document No. 3.) On October

---

[1] Defendant Barr is no longer employed by the Mecklenburg County Jail. He was terminated on December 1, 2005 as a result of an investigation by the Office of Professional Compliance into the facts underlying the incident complained of in this Complaint. Defendant Barr is not being indemnified or represented by the County and as such, is representing himself in this action.

1

13, 2006 Defendant Barr, acting pro se, filed a document in response to this Court's Order directing him to file an Answer (Document No. 10.) The Court construed such document as a pro se Answer in which Defendant Barr denied that he attacked Plaintiff while unprovoked but instead stated that while conducting an inspection of cell doors, Plaintiff threw a cup of urine in his face. In response, Defendant Barr struck out with this foot making contact with Plaintiff's chest and with his baton making contact with Plaintiff's shoulder region. Defendant was then able to restrain and handcuff Plaintiff. Plaintiff and Defendant then came into contact with one another in the hallway outside Plaintiff's cell. Plaintiff claims Defendant physically attacked him while he was handcuffed. Defendant contends that he knocked into Plaintiff with his shoulder when they were both at the eye wash station.

On October 23, 2006, because of the unique posture of this case in that both Plaintiff and Defendant were acting pro se, the Court send an Order directing the Mecklenburg County Sheriff to produce: 1) Plaintiff's medical records from the date of the alleged assault to the present and 2) the results of the investigation against Defendant Barr conducted by the Office of Professional Compliance in response to the incident on November 7, 2005 between Plaintiff and Defendant (Document No. 11.) On December 20, 2006 and January 19, 2007, the Sheriff produced the requested documents (Document Nos. 13 and 14.).

A review of the documents regarding the investigation against Defendant Barr reveals that on November 7, 2005 Defendant Barr was in an altercation with Plaintiff.[2] Initially, Defendant used force against Plaintiff after Plaintiff threw urine in his face during a cell check. Other officers then

---

[2] The Office of Professional Compliance interviewed everyone involved in the incident between Plaintiff and Defendant Barr including Mr. Diggs, Officer Barr, and at least six Mecklenburg County employees who witnessed all or part of the incident on November 7, 2005.

removed Plaintiff from his cell. Defendant Barr started walking around the pod with his baton in his hand, hitting the doors yelling "where you at." Several officers attempted to gain control over Defendant Barr. Defendant Barr then exited the pod and noticed the Plaintiff down the hallway. Defendant Barr started to run toward the Plaintiff yelling "I'll kill you." Defendant Barr reached the Plaintiff and struck him several times in the upper torso with a closed fist while Plaintiff was handcuffed. Staff immediately pulled Defendant Barr off the Plaintiff.

A review of the Plaintiff's medical records reveals that Plaintiff was taken to medical following the altercation with Defendant Barr. When Plaintiff was brought to the medical unit, he was yelling loudly and pounding at the window in the holding cell. Plaintiff was taken to an examination area but would not with cooperate with medical staff in getting his vital signs. Plaintiff was then taken to a cell to calm down until he was able to cooperate with medical staff. A short time later, Plaintiff was evaluated by medical staff. Plaintiff complained that he got hit on the right side in the ribs and in the head in his temple area on the left side. Medical staff noted that both sides of Plaintiff's chest were examined and that there was no swelling, bruising or guarding on palpation of the ribs. Additionally, there was no broken skin or bleeding observed. There was no bruising, swelling, broken skin or bleeding observed in the left temple area. However, medical staff did note that Plaintiff eyes were red. Plaintiff was given Ibuprofen for discomfort.

**ANALYSIS**

Section 1983 authorizes a court to grant relief when a party's federally protected rights have been violated by a state or local official or other person who acted under color of state law. In order to state a claim for relief, the plaintiff must both: allege that some person or entity has deprived him of a federal right; and that such person acted under color of state law. West v. Atkins, 487 U.S. 42

(1988).

The Fourteenth Amendment provides the source of protection against excessive force claims for a pretrial detainee. United States v. Cobb, 905 F.2d 784, 788 (4th Cir. 1990). When officials stand accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) citing Johnson v. Glick, 481 F.2d 1028., 1033 (2d Cir. 1973). Such factors as need for application of force, relationship between need and amount of force used, and extent of injury inflicted are relevant to ultimate determination. Gray v. Spillman, 925 F.2d 1085 (4th Cir. 1990). Plaintiff also needs to show a resulting injury. Plaintiff's injury need not be significant to be violative of the Fourteenth Amendment, but something more than de minimis is required. Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997). "Not every malevolent touch by a prison guard gives rise to a federal cause of action . . . ."Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" Riley, 115 F.3d at 1167, quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). But cf. United States v. Perkins, 470 F.3d 150 (4th Cir. 2006) (where Court concluded that mere "physical pain" met the broader definition of "bodily injury" as applied under criminal provisions 18 U.S.C. §§ (f)(5), 1365 (g)(4), 1515 (a)(5) and 1864 (d)(2), and affirmed felony assault conviction under 18 U.S.C. §242).

The Court is not concerned with the initial use of force which occurred in Plaintiff's cell immediately following Plaintiff throwing urine in Defendant Barr's face. From a review of Plaintiff's Complaint, Defendant's Answer and the investigatory documents from the Office of Professional Compliance, the Court concludes that the initial force used against Plaintiff was not

4

excessive in that it was applied in a good faith effort to restore discipline. Whitley, 475 U.S. at 320, 321. However, the force used against Plaintiff while he was handcuffed cannot be said to have been applied in good faith to restore discipline because Plaintiff was already handcuffed and under the supervision of several other staff members when Plaintiff ran down the hall toward Plaintiff and struck him several times in the upper torso with a closed fist.

Simply concluding that excessive force was used does not end the analysis because Plaintiff must also establish something more than a de minimis injury. Riley, 115 F.3d at 1167; Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998) (even if there is a genuine issue of material fact as to whether Defendants behaved maliciously or sadistically after the need for force had subsided, Plaintiff failed to show that his injuries resulting from such force are more than de minimis.) Plaintiff contends that he sustained injuries to his head, back, face and legs as a result of the force used on November 7, 2005. He also contends that he has had an increase in seizures since the assault from being hit with a baton in the head.³ A baton was used during the initial use of force in the Plaintiff's cell but is not at issue given that this Court has already concluded that the initial use of force was not excessive. Therefore, Plaintiff's claim regarding increased seizures is not before the Court.

With respect to Plaintiff's other complaints, this Court has reviewed Plaintiff's medical records and concludes that Plaintiff has not established more than a de minimis injury. When Plaintiff arrived at the medical unit following the altercation with Defendant Barr, Plaintiff complained of getting hit in the ribs and the left temple. However, medical examination revealed

---

³ Plaintiff states that he suffers from epilepsy and as a result of his epilepsy, he has seizures. See Grievance Form Attached to Plaintiff's Complaint.

no swelling, bruising or guarding on palpation of the ribs, no broken skin or bleeding about Plaintiff's body, and no bruising, swelling, or broken skin in the left temple area. The medical exam did reveal redness in the eyes. The Court reviewed not just the medical records from the date of the excessive force but instead, the medical records beginning on the date of the excessive force to the present. In so doing, the Court was able to get a complete picture of Plaintiff's health and assured itself that Plaintiff did not have anything more than de minimis injuries, if any injury at all. Plaintiff was given Ibuprofen on the day of the excessive force for discomfort. After reviewing all of the Plaintiff's medical records from the date of the excessive force to the present, the Court concludes that Plaintiff's medical records do not support more than a de minimis injury as a result of the force used by Defendant Barr while Plaintiff was handcuffed.[4] Therefore, Plaintiff's Complaint is dismissed.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED that** Plaintiff's Complaint is dismissed.

**SO ORDERED**.

Signed: March 1, 2007

Graham C. Mullen
United States District Judge

---

[4] While the Court has concluded that Defendant Barr's actions do not violate Plaintiff's constitutional rights as Plaintiff did not suffer more than a de minimis injury, the Court notes that Defendant Barr was appropriately held accountable for his action in that he was terminated from his employment.